In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-389 CR


____________________



ELIJAH WHITE RATCLIFF, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court


San Jacinto County, Texas


Trial Cause No. 06-521






MEMORANDUM OPINION


 Elijah White Ratcliff appeals his conviction for speeding. The case originated in the
justice court. Ratcliff appealed to the county court. The trial court found Ratcliff guilty of
speeding and assessed a $100 fine. We dismiss the appeal for lack of jurisdiction.

 White raised three issues, as follows:

 I. Whether the Justice Court No. 1, San Jacinto County, Texas, Docket
No. 2006-1-0887, unconstitutionally and dilatorily refused appellant
compulsory process for the attendance of a witness in his behalf.


 II. Whether the Justice Court No. 1, San Jacinto County, Texas, No.
2006-1-0887, unconstitutionally refused appellant's motion to quash the trial
jury array.


 III. Whether the Justice Court No. 1., San Jacinto County, Texas, No.
2006-1-0887, unconstitutionally denied appellant a speedy, fair and impartial
trial by his peers through abusive exercise of magisterial executions and
settings.


 When the State noted in its brief that Ratcliff failed to raise any error relating the
judgment being appealed, Ratcliff filed a reply brief that restated his third issue to the
following:

 III. The abuses by the justice court and the county court, San Jacinto
County, Texas, unconstitutionally denied appellant a speedy, fair and impartial
trial by his peers through abusive, arbitrary, capricious, unreasonable and
dilatory irregularities. 


 Article 4.03 of the Texas Code of Criminal Procedure describes our appellate
jurisdiction in criminal cases, as follows: 

 The Courts of Appeals shall have appellate jurisdiction coextensive with the
limits of their respective districts in all criminal cases except those in which
the death penalty has been assessed. This Article shall not be so construed as
to embrace any case which has been appealed from any inferior court to the
county court, the county criminal court, or county court at law, in which the
fine imposed by the county court, the county criminal court or county court at
law does not exceed one hundred dollars, unless the sole issue is the
constitutionality of the statute or ordinance on which the conviction is based.

 

Tex. Code Crim. Proc. Ann. art. 4.03 (Vernon 2005).


 The justice court had original jurisdiction in the case. See Tex. Code Crim. Proc.
Ann. art. 4.11 (Vernon 2005). The county court had appellate jurisdiction. See Tex. Code
Crim. Proc. Ann. art. 4.08 (Vernon 2005). Ratcliff appealed this case from the justice court
to the county court, and the fine assessed did not exceed $100. Therefore, this Court's
jurisdiction could be invoked only on an issue of the constitutionality of the statute on which
his conviction is based. See Tex. Code Crim. Proc. Ann. art. 4.03. Ratcliff raises issues
relating to the constitutionality of the proceedings, but does not challenge the
constitutionality of the speeding statute. See Tex. Transp. Code Ann. § 545.351 (Vernon
1999). Our jurisdiction has not been invoked. Accordingly, the appeal is dismissed.

 APPEAL DISMISSED.




 _____________________________

 STEVE McKEITHEN

 Chief Justice

Submitted on April 12, 2007

Opinion Delivered April 25, 2007

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.